UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:20-cr-380-WFJ-AAS

LUIS CARLOS MURILLO
ASPRILLA
_____/

**ORDER**

    Citing Amendment 821 to the United States Sentencing Guidelines, Luis Carlos Murillo Asprilla, USM#: 21109-104, moves (Dkt. 191) unopposed for a reduction in sentence. Amendment 821, Part B, amends Section 4C1.1, United States Sentencing Guidelines, to permit a two-level decrease to a defendant's offense level if a defendant satisfies the criteria in Section 4C1.1(a), including the absence of a criminal history point under Chapter 4.

    Under 18 U.S.C. § 3582(c)(2), an incarcerated defendant's prison sentence might warrant a retroactive reduction if the advisory sentencing range on which the defendant's sentence was based "has subsequently been lowered by the Sentencing Commission . . . [and] if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Under 28 U.S.C. § 994(u), if the Sentencing Commission lowers the advisory sentencing range for a "particular offense or category of offense," the Sentencing Commission must "specify in what

circumstances and by what amount the sentences of prisoners serving terms of imprisonment for the offense may be reduced." Section 1B1.10, United States Sentencing Guidelines, expressly permits a retroactive reduction for an incarcerated defendant to whom Amendment 821 applies, but any reduction cannot decrease a sentence below the time that the defendant "has already served."

Accordingly, because Amendment 821 lowers the advisory sentencing range for a defendant without, among other things, a criminal history point, Section 3582, Section 994(u), and Section 1B1.10 permit a reduction in an incarcerated defendant's prison term if at sentencing the defendant had no criminal history points, if the offense of conviction satisfies the criteria in Section 4C1.1(a), and if a reduction is consistent with 18 U.S.C. § 3553(a).

On September 14, 2021, Luis Carlos Murillo Asprilla was sentenced under 46 U.S.C. §§ 70503(a), 70506(a) and (b) and 21 U.S.C. § 960(b)(1)(B)(ii) to a 97-month prison term for one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to U.S. jurisdiction and one count of aiding and abetting in possessing with intent to distribute same. Mr. Murillo Asprilla's total offense level was 31 because he met the safety valve criteria, and he qualified for a reduction for acceptance of responsibility. He was assessed no criminal history points, and his criminal history was category I. Mr. Murillo Asprilla's advisory sentencing range was 108-135

months, and he received a below-the-guidelines sentence and a downward variance one level to 97 months. On appeal of his sentence, the Eleventh Circuit rejected Defendant's argument that he should have received a mitigation role reduction. Dkt. 146 (unpublished opinion affirming sentence). The Bureau of Prisons reports that his projected release is October 22, 2026.

In accord with the Middle District of Florida's administrative order (Dkt. 115 in 3:21-mc-1-TJC) implementing Amendment 821, the United States Probation Office must submit a memorandum (1) that states whether a movant is eligible for a sentence reduction under Amendment 821 and (2) if the movant is eligible, that proposes a new advisory sentencing range based on the decrease authorized by Amendment 821. USPO submits a memorandum reporting that Luis Carlos Murillo Asprilla is eligible for a sentence reduction and that a two-level decrease based on Amendment 821 reduces the offense level to 29 and reduces his advisory sentencing range to 87-108.

The Federal Defender appears, confirms Mr. Murillo Asprilla's eligibility for a reduction, and moves unopposed to reduce his sentence to 87 months (a 10-month reduction in sentence), which is at the bottom of the amended guideline range. The Court may consider post-sentencing conduct in determining whether a reduction is warranted. U.S.S.G. 1B1.10, comment. (n.1(B)(iii)). Counsel argues

3

Defendant has done well during his incarceration and has no disciplinary violations and has completed several educational courses.

The Court's discretion is guided by the sentencing factors in 18 U.S.C. § 3553(a) and the Court finds the factors militate against a reduction. This was a large cocaine smuggling case where Movant and his colleagues resisted arrest, requiring the Coast Guard to shoot out the engines on their vessel. They benefited from the obstruction because it enabled them to jettison contraband, and only 187 kilos of cocaine were recovered. 18 U.S.C. § 3553(a)(1) requires the sentence to reflect the nature and circumstances of the offense. In these circumstances the Movant benefited from obstruction. Any further reduction would not properly "reflect the seriousness of the offense" or "promote respect for the law." *See id.* at (2)(A). The sentences courts impose (and the sentences courts reduce) have an effect upon deterrence (see *id.* at (2)(B)) and deterrence would be impaired by this proposed reduction.

Mr. Luis Carlos Murillo Asprilla's motion (Dkt. 191) for a reduction in sentence is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida on June 18, 2025.

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE